IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:01-190-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Karl L. Kenyon, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Milton Braten's ("Braten") motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. After careful consideration of the motion and the record in this case, the court denies Braten's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a written plea agreement, on February 20, 2001, Karl L. Kenyon ("Kenyon") pled guilty to an information charging a violation of the Racketeer Influenced and Corrupt Organizations Act, two counts of wire fraud, and possession of a weapon with an obliterated serial number. The information also provided notice that upon conviction, the United States would seek forfeiture of certain assets. On October 9, 2001, Kenyon was sentenced to life imprisonment on each of the four counts of conviction. In addition, the court ordered restitution to Ethel Swink and Halston Osborne and imposed forfeiture under the Judgment and Preliminary Order of Forfeiture filed October 9, 2001.

The Judgment and Preliminary Order of Forfeiture, imposed on consent of the Defendant, forfeited Kenyon's interest in numerous properties, including several real properties located in Bronx, New York ("Bronx Properties"). (Oct. 9, 2001, Order ¶ 2-3.) After publishing a notice of forfeiture in accordance with 18 U.S.C. § 1963(l)(1), 21 U.S.C. § 853(n), and 19 U.S.C. § 1607, various parties filed petitions asserting an interest in the Bronx Properties, including Braten.

Braten and New South Bronx Joint Venture claimed an interest in rental and other income from the lease of the subject properties to a joint venture in a petition and amended petition filed on February 20, 2004, and June 17, 2004, respectively. Braten claimed a 40% share of the joint venture.

On February 22, 2007, the court entered a Partial Final Order of Forfeiture and Partial Stipulation to Court Order for Interlocutory Sale of Real Property and Premises. Pursuant to this order, as consented to by all claimants, the United States Marshals Service ("USMS") was to sell the Bronx Properties and pay from the gross proceeds the costs incurred by the USMS, real property taxes and water and sewer charges, and any other valid lien on the properties. (Feb. 22, 2007, Order 7-22.) In addition, the USMS was to pay Eric Oppenheimer ("Oppenheimer") $250,000 to represent the income lost to Oppenheimer from his management of the properties. (Id. 19.) The remaining net proceeds were to be held in an account managed by the USMS pending further order of this court. (Id.) The Bronx Properties were sold by the USMS on May 17, 2007, for $18,200,000.00.

After expiration of the claim deadline, the court held a hearing for purposes of resolving the pending claims to the proceeds from the sale of the Bronx Properties on February 12, 2008. Based on the evidence and arguments presented at that hearing, the court entered a Partial Final Order of Forfeiture as to the Proceeds from Sale of Real Property and Court Order for Disposition of Funds on March 14, 2008. Pursuant to that order, the court found that Braten and NSBJV had failed to carry the burden of proof establishing a superior legal or equitable interest in the Bronx Properties. (Mar. 14, 2008, Order ¶ 21.) In addition, the court found that even if the facts alleged by Braten and NSBJV were true, those facts failed to establish any legal interest in the Bronx

Properties because the alleged leases were never filed as required under New York state law, and that any equitable claim by Braten and NSBJV did not take precedence over the claims of the United States or Braten's judgment creditors. (Id.)

On March 27, 2008, Braten filed the instant motion to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The government responded on April 15, 2008.

## II. DISCUSSION OF LAW

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

In support of his motion for reconsideration, Braten asserts that he was able to obtain some evidence of his claim after the hearing held on February 12, 2008. (Braten's Mem. Supp. Mot. Recons. 2.) Braten asserts that NSBJV had an interest in the rental income generated by the Bronx Properties beginning in 1978 for a term of ten years. (Id.) In addition, Braten asserts that the agreement was renewed after its expiration for an additional ten-year term. (Id.)

In support of this assertion, Braten has attached two letters, dated March 19, 1987, and May 29, 1990. The March 19, 1987, letter is signed by Grace Goode for Rhoades and Rhoades, P.C., and addressed to Oppenheimer. (Id. Ex. 1 (Letters 1).) The May 29, 1990, letter is signed by

3

Debra Del Valle for Rhoades and Rhoades, P.C., and addressed to Betty Vernon of Eridan Corporation. (Id. Ex. 1 (Letters 3).) Braten asserts that both letters were written by the secretary to Daniel Rhoades ("Rhoades")[1], the managing partner of the NSBJV, to Eridan Corporation, Oppenheimer's management agency. (Braten's Mem. Supp. Mot. Recons. 2.) Both letters include a summary of rental incomes generated by various properties, including some with addresses included in the Bronx Properties. (Id. Ex. 1 (Letters 2, 8).) Braten alleges that Oppenheimer, as the manager of the properties, would generate this information for Rhoades, who would then review the reports and respond to them with notes. (Id. 2.)

In addition, Braten notes that the May 29, 1990, letter includes a list of the leases set to expire in October 1990, the fiscal year end for the venture. (Id.) Braten also indicates that "[b]oth sets of correspondence reflect the [NSBJV] as having an interest in the property." (Id.) Based on this evidence, however, the court finds no reason to alter its original findings as set forth in its March 14, 2008, order.

First, Braten has presented no reason why this evidence was not available at the February 12, 2008, hearing. Braten asserts that he is incarcerated in Massachusetts, with limited access to his counsel and the court. (Braten's Mem. Supp. Mot. Recons. 2.) However, as recounted above, Braten filed his original petition claiming an interest in the Bronx Properties on February 20, 2004, four years prior to the forfeiture hearing on February 12, 2008, giving Braten ample time to collect evidence necessary to support his claims. Further, Braten was present through video teleconference and represented by counsel at the hearing. Braten has made no

---

[1] In his motion, Braten refers to Daniel Rhodes; however, the court will use the spelling provided in Braten's exhibits of Rhoades.

4

showing of newly discovered evidence that was unavailable to him prior to the February 12, 2008, hearing. Therefore, Braten has failed to demonstrate grounds for the court to alter or amend its judgment. See Hutchinson, 994 F.2d at 1081.

Further, the letters submitted by Braten do not establish that Braten has any legal, cognizable claim to any of the proceeds from the sale of the Bronx Properties. Contrary to Braten's assertion, while the letters reference NSBJV, they merely provide a summary of rents and lease expiration dates and do not indicate that NSBJV is entitled to the rental proceeds. (Braten's Mem. Supp. Mot. Recons. Ex. 1 (Letters, generally).) Therefore, the court finds no reason to depart from the findings in its original March 14, 2008, order denying Braten's claim to a portion of the proceeds from the sale of the Bronx Properties. Based on the foregoing, Braten's Rule 59(e) motion is denied.

Therefore, it is

**ORDERED** that Braten's Rule 59(e) motion to alter or amend judgment, docket number 114, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina

April 16, 2008